## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **JOSE ORTIZ,**<br>**Individually and on behalf**<br>**of all others similarly situated,** | § <br> § <br> § <br> § | |
| | § | Civil Action No. <u>5:20-cv-00503</u> |
| ***Plaintiffs,*** | § <br> § <br> § | |
| **v.** | § <br> § | **JURY TRIAL DEMANDED** |
| **ENSIGN U.S. DRILLING (SW), INC.,** | § <br> § <br> § | |
| ***Defendant.*** | § <br> § <br> § | **COLLECTIVE ACTION**<br>**PURSUANT TO 29 U.S.C. § 216(b)** |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiff Jose Ortiz brings this action individually and on behalf of all others similarly situated (hereinafter "Plaintiff and the Putative Class Members" or "Plaintiff and the FLSA Collective Members) who worked for Ensign U.S. Drilling (SW), Inc. (hereinafter referred to as "Ensign" or "Defendant") at any time from April 22, 2017 through the final disposition of this matter, to recover compensation, liquidated damages, attorneys' fees, and costs, pursuant to the provisions of Section 216(b) of the Fair Labor Standards Act ("FLSA").

## I.
## OVERVIEW

1.      This lawsuit is a collective action to recover overtime wages and liquidated damages brought pursuant to the FLSA, 29 U.S.C. §§ 201–19.

2.      Plaintiff and the Putative Class Members are those similarly situated persons who worked for Ensign within the last three years through the final disposition of this matter, and were paid a day rate for all hours worked, but did not receive overtime for all hours worked over forty (40) in each workweek.

3.      Although Plaintiff and the Putative Class Members routinely worked (and continue to work) in excess of forty (40) hours per workweek, Plaintiff and the Putative Class Members were not paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

4.      The decision by Ensign not to pay overtime compensation to Plaintiff and the Putative Class Members was neither reasonable nor in good faith.

5.      Ensign knowingly and deliberately failed to compensate Plaintiff and the Putative Class Members overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

6.      Plaintiff and the Putative Class Members did not (and currently do not) perform work that meets the definition of exempt work. Specifically, Plaintiff and the Putative Class Members did not (and currently do not) earn a salary thereby nullifying any "salary-based" exemption.[1]

7.      Ensign knowingly and deliberately misclassified Plaintiff and the Putative Class Members as exempt employees not entitled to overtime compensation.

8.      Plaintiff and the Putative Class Members therefore seek to recover all unpaid wages and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

9.      Plaintiff also prays that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

---

[1] *See Hewitt v. Helix Energy Sols. Group, Inc.*, No. 19-20023, 2020 WL 1915124 (5th Cir. Apr. 20, 2020).

## II.
## THE PARTIES

10.     Plaintiff Jose Ortiz ("Ortiz") worked for Ensign during the relevant time-period. Plaintiff Ortiz did not receive overtime for all hours worked in excess of forty (40) hours per workweek.[2]

11.     The Putative Class Members are those similarly situated employees who worked for Ensign at any time in the past three years through the final disposition of this matter and have been subjected to the same illegal pay system under which Plaintiff Ortiz worked and was paid.

12.     Defendant Ensign U.S. Drilling (SW), Inc. ("Ensign") is a foreign for-profit corporation headquartered in Houston, Texas and may be served through its registered agent for services of process: **C T Corporation Systems, 1999 Bryan St., Suite 900, Dallas, Texas, 75201.**

## III.
## JURISDICTION & VENUE

13.     This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. § 201 *et. seq.*

14.     This Court has personal jurisdiction over Ensign because the cause of action arose within this District as a result of Defendant's conduct within this District.

15.     Venue is proper in the Western District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

16.     Specifically, Ensign has maintained a working presence throughout the State of Texas and Plaintiff Ortiz worked in Kenedy, Texas during his employment with Ensign, all of which is located within this District and Division.

17.     Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391.

---

[2] The written consent of Plaintiff Ortiz is attached hereto as Exhibit A.

## IV.
## ADDITIONAL FACTS

18.     Ensign U.S. Drilling (SW), Inc. ("Ensign") provides drilling operations and rig management for the oil and gas industry throughout the State of Texas, the United States, and Canada.[3]

19.     To provide their services, Ensign employed (and continues to employ) numerous oilfield workers who were paid a day rate and no overtime— including Plaintiff Ortiz and the individuals that make up the putative or potential class.

20.     While exact job titles may differ, these workers were subjected to the same or similar illegal pay practices for similar work in the oilfield.

21.     Plaintiff Ortiz was employed by Ensign as a Rig Manager, working on Ensign's client's drilling pads located between Kenedy, Texas and Midland, Texas, from approximately 2012 until June 2019.

22.     Plaintiff and the Putative Class Members were paid a day rate but no overtime.

23.     Specifically, Plaintiff Ortiz was paid a day rate of $636.00 per day but did not receive overtime compensation at the required rate of time-and-one-half for all hours worked over forty (40) each week.

24.     Although it is well-known that blue-collar oilfield workers like Plaintiff and the Putative Class Members are not exempt from overtime, Ensign did not pay Plaintiff and the Putative Class Members the additional overtime premium required by the FLSA for hours worked in excess of forty (40) in a workweek.

25.     Plaintiff and the Putative Class Members' primary job duties included performing drilling operations in the oilfield, which required the utilization of techniques and procedures obtained

---

[3] https://www.ensignenergy.com.

primarily from industry manuals, standards and codes. *See* 29 C.F.R. § 541.203(g).

26.     Specifically, Plaintiff and the Putative Class Members' primary job duties were to perform oilfield drilling operations, conduct drilling operations in a safe manner to ensure jobsite safety compliance, to point out any variances between the work performed and the plans and specifications to the work crew in the first instance, to note the progress of the drilling project to report to the drilling site owner and/or company contractor, and to report any variances in the work being performed and the plans and specifications to the drill site owner and/or the drill site contractor.

27.     Plaintiff and the Putative Class Members would conduct their day-to-day activities within designed parameters and in accordance with pre-determined operational plans coordinated by Ensign and/or their clients.

28.     Plaintiff and the Putative Class Members did not prepare the plans and specifications for the drilling operations coordinated by Ensign and/or their clients.

29.     Plaintiff and the Putative Class Members did not have the authority to change or authorize changes to the pre-determined plans and specifications provided by the well site owner(s) and/or drill site contractor(s).

30.     Plaintiff and the Putative Class Members' daily and weekly activities were routine and largely governed by standardized plans and procedures set by Ensign and/or their clients, the American Petroleum Institute, the American Society of Mechanical Engineers, the American Welding Society, and the United States Department of Transportation. *See* 29 C.F.R. § 541.203(g).

31.     Virtually every job function was pre-determined by Ensign, including how to perform the tasks set by Ensign, the schedule of work, and related work duties.[4]

---

[4] https://www.ensignenergy.com/services.

32.     In fact, Plaintiff and the Putative Class Members were prohibited from varying their job duties outside of these predetermined parameters.

33.     Moreover, Plaintiff and the Putative Class Members' job functions were primarily routine and manual labor in nature, requiring little to no official training, much less a college education or other advanced degree.

34.     Indeed, Plaintiff and the Putative Class Members rely on their hands, physical skills, and energy to perform manual and routine labor in the oilfield.

35.     Plaintiff and the Putative Class Members worked long hours.

36.     Specifically, Ensign regularly scheduled Plaintiff and the Putative Class Members for a minimum of twelve (12) hours per day and they regularly worked a minimum of 84 hours per week.

37.     The FLSA mandates that overtime be paid at one and one-half times an employee's regular rate of pay for all hours worked over 40 each week.

38.     Plaintiff and the Putative Class Members are non-exempt employees under the FLSA.

39.     Pursuant to 29 C.F.R. § 541.602(a), an employee will be considered to be paid on a "salary basis" if the employee regularly receives each pay period on a weekly, or less frequent basis, a **_predetermined_** amount constituting all or part of the employee's compensation, which amount is not subject to reduction because of variations in the quality or quantity of the work performed.

40.     Plaintiff and Putative Class Members were paid based on the number of days worked.

41.     Accordingly, Plaintiff and Putative Class Members only knew the amount of their pay **_after_** the number of days they worked each week.

42.     Plaintiff and the Putative Class Members regularly worked in excess of forty (40) hours per week but never received overtime compensation.

43.     Ensign denied Plaintiff and the Putative Class Members overtime pay as a result of a widely applicable, illegal pay practice.

44.     Ensign applied this pay practice despite clear and controlling law that states that the routine and manual labor duties which were performed by Plaintiff and the Putative Class Members consisted of ***non-exempt*** work.

45.     Accordingly, Ensign's pay policies and practices blatantly violated (and continue to violate) the FLSA.

## V.
## CAUSE OF ACTION

**A.     FLSA COVERAGE**

46.     All previous paragraphs are incorporated as though fully set forth herein.

47.     The FLSA Collective is defined as:

**ALL OILFIELD WORKERS WHO WERE PAID ON A DAY RATE BASIS BY ENSIGN U.S. DRILLING (SW), INC., ANYWHERE IN THE UNITED STATES, AT ANY TIME FROM APRIL 23, 2017 THROUGH THE FINAL DISPOSITION OF THIS MATTER ("FLSA Collective" or "FLSA Collective Members").**

48.     At all material times, Defendant has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

49.     At all material times, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

50.     At all material times, Defendant has been an enterprise in commerce or in the production of goods for commerce within the meaning of section 203(s)(l) of the FLSA because Defendant has had and continue to have employees engaged in interstate commerce. 29 U.S.C. § 203(s)(1).

51.     Specifically, Defendant purchased materials through commerce, including uniforms for Plaintiff and the Putative Class Members, and conduct transactions through commerce, including the use of credit cards, phones and/or cell phones, United States mail, and electronic mail.

52.     At all material times, Plaintiff and the FLSA Collective Members are (or were) employees who engaged in commerce or in the production of goods for commerce as required by sections 206 and 207 of the FLSA. 29 U.S.C. §§ 206–07.

53.     At all material times, Defendant has had (and continues to have) an annual gross business volume in excess of the statutory minimum of $500,000.00. 29 U.S.C. § 203(s)(1).

**B.      FAILURE TO PAY WAGES AND OVERTIME PURSUANT TO THE FLSA**

54.     Defendant violated provisions of Sections 7 and 15 of the FLSA, 29 U.S.C. §§ 207 and 215(2)(a), by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for their employment for all hours in excess of forty (40) per week at rates at least one and one-half times the regular rates for which they were employed.

55.     Defendant intentionally misclassified Plaintiff as exempt from overtime compensation.

56.     Defendant is a sophisticated party and employer, and therefore knew (or should have known) their policies were in violation of the FLSA.

57.     Plaintiff and the FLSA Collective Members, on the other hand, are (and were) unsophisticated laborers who trusted Defendant to pay according to the law.

58.     The decision and practice by Defendant to not pay any overtime was neither reasonable nor in good faith.

59.     Defendant failed to pay Plaintiff and the FLSA Collective Members on a salary basis under 29 C.F.R. § 541.602, which requires that an employee must be paid on a salary basis for an employer to qualify for certain exemptions under the FLSA.

60.     An employee is paid on a salary basis if he regularly receives each pay period on a weekly, or less frequent basis, a predetermined amount.

61.     The FLSA requires that the salary be paid without regard to the number of days or hours worked.

62.     The salary basis test requires that an employee know the amount of his compensation for each weekly (or less frequent) pay period during which he works, before he works.

63.     Defendant did not pay Plaintiff and the FLSA Collective Members on a salary basis to qualify for the salary exemption.

64.     Defendant paid Plaintiff and the FLSA Collective Members a day rate for each day worked – that is, Plaintiff and the Putative Class Members did not get paid if they did not work.

65.     Plaintiff and the FLSA Collective Members are entitled to overtime wages for all hours worked over forty each week pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages in an amount equal to their overtime wages, in addition to attorneys' fees and costs.

**C.      COLLECTIVE ACTION ALLEGATIONS**

66.     Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of all those who are (or were) similarly situated to Plaintiff.

67.     Other similarly situated employees have been victimized by Defendant's patterns, practices, and policies, which are in willful violation of the FLSA.

68.     The FLSA Collective Members are defined in Paragraph 47.

69.      Defendant's systematic failure to timely pay overtime compensation at the rates required by the FLSA results from generally applicable policies and practices and does not depend on the personal circumstances of Plaintiff.

70.     Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

71.     The specific job titles or precise job requirements of the various FLSA Collective Members does not prevent collective treatment.

72.     All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be timely and properly compensated for all hours worked in excess of forty (40) hours per workweek.

73.     Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts. Indeed, the FLSA Collective Members are non-exempt workers entitled to be paid the proper amount of overtime compensation for all hours worked over forty (40) each week.

74.      Defendant has employed (and continue to employ) numerous Rig Managers during the past three years.

75.     Absent a collective action, many members of the proposed FLSA class will not likely obtain redress of their injuries and Defendant will retain the proceeds of their rampant violations.

76.     Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

77.     Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined in Paragraph 47 and notice should be promptly sent.

78.      Defendant can readily identify the members of the class, who are a certain portion of the current and former employees of Defendant.

79.     The names and physical and mailing addresses of the putative FLSA Collective Members are available from Defendant, and notice should be provided to the putative FLSA Collective Members via first class mail to their last known physical and mailing addresses.

80.     The email addresses or cell phone numbers of many of the putative FLSA Collective Members are available from Defendant, and notice should be provided to the putative FLSA Collective Members via email and text message to their last known email addresses/cell phone.

81.     Oilfield workers are by category not at their residences as frequently as many other working-class Americans.

82.     As such, they rely on email or cell phone just as much or more so than typical wage earners, who themselves live their lives with a growing dependence upon email and text messaging as opposed to traditional U.S. Mail.

## VI.
## RELIEF SOUGHT

83.     Plaintiff respectfully prays for judgment against Defendant as follows:

a.      For an Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA, certifying the FLSA Collective as defined in Paragraph 47 and requiring Defendant to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

b.      For an Order approving the form and content of a notice to be sent to all putative FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

c.      For an Order pursuant to Section 16(b) of the FLSA finding  Defendant liable for unpaid back wages due to Plaintiff (and those FLSA Collective Members who have joined in the suit), for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit);

d.      For an Order awarding the costs and expenses of this action;

e.      For an Order awarding attorneys' fees;

f.     For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

g.     For an Order awarding Plaintiff Ortiz a service award, as permitted by law;

h.     For an Order compelling the accounting of the books and records of Defendant, at Defendant's own expense; and

i.     For an Order granting such other and further relief as may be necessary and appropriate.

Date:   April 23, 2020                          Respectfully submitted,

                                                **ANDERSON ALEXANDER, PLLC**

                              By:     /s/ Clif Alexander
                                      **Clif Alexander**
                                      Texas Bar No. 24064805
                                      clif@a2xlaw.com
                                      **Lauren E. Braddy**
                                      Texas Bar No. 24071993
                                      lauren@a2xlaw.com
                                      **Alan Clifton Gordon**
                                      Texas Bar No. 00793838
                                      cgordon@a2xlaw.com
                                      **Carter T. Hastings**
                                      Texas Bar No. 24101879
                                      carter@a2xlaw.com
                                      **John D. Garcia**
                                      Texas Bar No. 24096174
                                      john@a2xlaw.com
                                      819 N. Upper Broadway
                                      Corpus Christi, Texas 78401
                                      Telephone: (361) 452-1279
                                      Facsimile: (361) 452-1284

                                      ***Attorneys for Plaintiff and the Putative Class Members***