IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOSE ORTIZ, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED; | § § § § | SA-20-CV-00503-OLG |
| *Plaintiff,* | § § § | |
| vs. | § § | |
| TRINIDAD DRILLING, LLC, TRINIDAD DRILLING, L.P., | § § § | |
| *Defendants.* | § § | |

## ORDER

Before the Court in the above-styled cause of action is Plaintiff's Opposed Motion for Conditional Certification and Notice to Putative Class Members [#17]. This case has been referred to the undersigned for all pretrial proceedings pursuant to Western District of Texas Local Rule CV-72 and Appendix C [#29]. The undersigned therefore has authority to issue this order pursuant to 28 U.S.C. § 636(b)(1)(A). In light of the referral, the Court held a telephonic status conference in this case on September 8, 2020, at which all remaining parties appeared through counsel. At the conference, the Court heard argument on Plaintiff's motion and issued certain oral rulings, which it now memorializes with this written Order. For the reasons that follow, the Court will grant Plaintiff's motion in part.

## I. Background

By this action, Plaintiff Jose Ortiz seeks overtime compensation under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), on behalf of himself and all others similarly situated. Plaintiff's Original Complaint named his former employer Ensign U.S. Drilling (SW), Inc. as the sole Defendant, but Plaintiff later amended his pleadings and added three additional

1

Defendants—Ensign United States Drilling, Inc., Trinidad Drilling, LLC, and Trinidad Drilling LP—as joint employers.  (Orig. Compl. [#1]; Am. Compl. [#10].)  Plaintiff's First Amended Complaint alleges that he worked for Defendants, all of which provide drilling operations and rig management for the oil and gas industry.  (Am. Compl. [#10] at ¶¶ 25, 30.)  According to Plaintiff, he was first employed by the Trinidad Defendants and then became an employee of the Ensign Defendants after the Trinidad entities were acquired and absorbed into Ensign, Inc., the parent company of the Ensign Defendants.  (*Id.* at ¶¶ 24–28, 32.)  Plaintiff alleges that Defendants utilized an illegal pay system to compensate him and other putative class members by paying workers a day rate based on the number of days worked with no overtime compensation for all hours worked over 40 each week.  (*Id.* at ¶ 33.)  Plaintiff claims that he and the putative class members only knew the amount of their weekly pay after they learned the number of days they were scheduled and then actually worked each week.  (*Id.* at ¶ 42.)  Plaintiff's pleadings state that he worked for Defendants as a rig manager, working on Defendants' client's drilling pads located in East Texas from approximately 2012 to June 2019.  (*Id.* at ¶ 38.)

Shortly after the filing of Plaintiff's Amended Complaint, Plaintiff filed the motion for conditional certification currently before the Court.  Early dispositive motions were filed by various Defendants both before and after the referral of this case to the undersigned, but Plaintiff ultimately voluntarily dismissed his claims against the Ensign Defendants and all dispositive motions were dismissed as moot or formerly withdrawn.  The only remaining Defendants in this case are the Trinidad Defendants.  Defendants filed a response in opposition to the motion for conditional certification [#28], and Plaintiff filed a reply [#31].  The motion is ripe for review,

and the Court has considered both of these filings, as well as the oral arguments of the parties at the status conference, in reaching a decision on the merits of Plaintiff's request for certification.

## II.  Certification Standard

The FLSA requires covered employers to pay non-exempt employees for hours worked in excess of defined maximum hours, 29 U.S.C. § 207(a), and allows employees to sue their employers for violation of its wage and hour provisions, *see* 29 U.S.C. §§ 215–16.  An employee may sue his employer under the FLSA on "behalf of himself . . . and other employees similarly situated."  29 U.S.C. § 216(b).  However, unlike Rule 23 class actions, collective actions proceed on an "opt-in" rather than an "opt-out" basis.  *Tolentino v. C & J Spec-Rent Servs., Inc.,* 716 F. Supp. 2d 642, 646 (S.D. Tex. 2010); *see also* 29 U.S.C. § 216(b) ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become a party and such consent is filed in the court in which such action is brought.").  District courts have discretion to decide whether and how to issue notice for putative plaintiffs to opt-in to a FLSA collective action and to modify the proposed class if it is overly broad.  *See Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 172 (1989); *Baldridge v. SBC Commc'ns, Inc.*, 404 F.3d 930, 931–32 (5th Cir. 2005).

In this circuit, there are two approaches used to guide a court's decision to certify a collective action:  the *Lusardi* approach and the *Shushan* approach.  *See Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213–14 (5th Cir. 1995), *overruled in part on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003); *see also Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987); *Shushan v. Univ. of Colo.*, 132 F.R.D. 263 (D. Colo. 1990).  The *Shushan* approach embraces the Rule 23 procedure for certifying class actions, whereas the *Lusardi* approach uses a two-step process to determine whether employees are similarly situated under

the FLSA.  *See Mooney*, 54 F.3d at 1213–14.  Most courts in this Circuit apply the *Lusardi* approach, and the Court will do so here.  *See Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 915 n.2 (5th Cir. 2008); *Tolentino*, 716 F. Supp. 2d at 646 (collecting cases).

The *Lusardi* analysis involves two stages: (1) the notice stage and (2) the decertification stage.  *See Sandoz*, 553 F.3d at 915 n.2.  At the notice stage, the court reviews the pleadings and any affidavits that have been submitted to determine whether to conditionally certify the class and to give notice to potential class members.  *Hernandez v. Robert Dering Constr., LLC*, 191 F. Supp. 3d 675, 680 (S.D. Tex. 2016).  A court is not to consider the ultimate merits of a given cause of action in making a decision on certification.  *Walker v. Honghua Am., LLC*, 870 F. Supp. 2d 462, 465 (S.D. Tex. 2012).

Although the plaintiff's burden at the notice stage is "not onerous, neither is it invisible." *Songer v. Dillon Res., Inc.*, 569 F. Supp. 2d 703, 706 (N.D. Tex. 2008).  A plaintiff still must put forth "substantial allegations that the putative class members were together the victims of a single decision, policy or plan."  *Mooney*, 54 F.3d at 1214 & n.8 (citations omitted).  In making this determination, courts consider such factors as whether "(1) there is a reasonable basis for crediting the assertion that aggrieved individuals exist; (2) those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted; and (3) those individuals want to opt into the lawsuit."  *Tolentino*, 716 F. Supp. 2d at 647 (internal citations omitted).  After conditional certification the "putative class members are given notice and the opportunity to 'opt-in.'" *Mooney,* 54 F.3d at 1214.

With regards to the similarly-situated inquiry, Plaintiffs must demonstrate that they are similarly situated "in relevant respects given the claims and defenses asserted."  *Tolentino*, 716 F. Supp. 2d at 647.  In wage and hour cases, this means the proposed class must be "similarly

4

situated in terms of job requirements and similarly situated in terms of payment provisions." *Pedigo v. 3003 S. Lamar, LLP*, 666 F. Supp. 2d 693, 698 (W.D. Tex. 2009) (internal quotation and citation omitted).  Thus, the relevant inquiry for the court is whether the proposed class members "performed the same basic tasks as part of their employment and were subject to the same pay decisions, policies, or practices." *Id.* (citing *Tice v. AOC Senior Home Health Corp.*, 826 F. Supp. 2d 990, 996 (E.D. Tex. 2011)).  Employees need not be "similarly situated in each and every aspect of their employment," but rather there must be simply "some identifiable facts or legal nexus" binding together the claims "so that hearing the cases together promotes judicial efficiency." *Id.* (internal quotations omitted).

After the opt-in period has concluded and discovery is largely complete, the defendant may file a motion to decertify the collective action.  *Hernandez*, 191 F. Supp. 3d at 680.  At the decertification stage, the court makes a final factual determination on the similarly-situated question, and the court may decertify the class and dismiss the opt-in plaintiffs without prejudice. *Mooney*, 54 F.3d at 1214.

### III.  Analysis

Plaintiff asks the Court to certify the following class as a collective action:

> All oilfield workers employed by Ensign U.S. Drilling (SW), Inc., Ensign United States Drilling, Inc., Trinidad Drilling LLC, and/or Trinidad Drilling, LP, anywhere in the United States, at any time from April 23, 2017 through the final disposition of this matter, and were paid a day rate but no overtime.

Because the Ensign Defendants have been dismissed from this suit, the Court only considers certifying a class of workers employed by the Trinidad Defendants.  Plaintiff supports his motion for conditional certification with his own declaration, which states that he was employed by Defendants as a day rate oilfield worker from approximately May 2012 to April 2019.  (Ortiz

Decl. [#17-1] at ¶ 3.)  Plaintiff describes his regular schedule as working 14 days on and then having 14 days off with each scheduled day of work requiring work for at least 18 hours a day. (*Id.* at ¶ 10.)  Plaintiff states that he only received his day rate for days that he worked and that if he did not work, he was not paid.  (*Id.* at ¶ 5.)  Plaintiff maintains that he and others worked overtime hours on a regular, if not weekly, basis but never received overtime compensation for hours worked more than 40 each workweek.  (*Id.* at ¶¶ 9, 11.)

Plaintiff describes his and other oilfield workers' job duties as "managing the crews at the rig site, ensuring other workers were following safety procedures, helping set up the rig, assisting in fracking operations, and reporting how operations were proceeding to the drilling superintendent."  (*Id.* at ¶ 7.)  Although Plaintiff's pleadings describe his job title as rig manager, Plaintiff's declaration categorizes himself as a general oilfield worker and does not differentiate his duties from those of other oilfield workers.  Plaintiff's certification motion seeks certification of a "nationwide" class of oilfield workers (and Plaintiff's pleadings state that Defendants worked in other states besides Texas), yet Plaintiff's declaration only references work in the Texas cities of Kenedy, Midland, Laredo, and Big Wells—all cities in West and South Texas. (*Id.* at ¶ 8.)

In terms of Plaintiff's knowledge of other individuals who might also have been subjected to these same allegedly illegal pay practices, Plaintiff's declaration states that he worked with "at least twenty others who were employed by Defendants and also paid a day rate only."  (*Id.* at ¶ 6.)  Plaintiff claims to know this "from talking with [the others] on a regular basis and attending mandatory safety meetings with them in Houston, Texas" and discussing Defendants' pay policies with his fellow coworkers.  (*Id.* at ¶¶ 6, 12.)  At the hearing, Plaintiff

conceded that "others" refers to other oil rig managers.  Plaintiff has not provided the Court with any additional declarations, and Plaintiff remains the sole Plaintiff in this action.

Plaintiff's declaration, the only evidence before the Court in support of his motion for certification, has not established that a nationwide class of all oilfield workers who worked for Trinidad, regardless of job title or status as a managerial versus low-level employee, should be certified.  The only geographic locations Plaintiff describes in his declaration are oilfield sites in Texas.  Although Plaintiff's Amended Complaint alleges that the Trinidad Defendant provide drilling operations and rig management through Texas, the United States, Canada, the Middle East, and Mexico (Am. Compl. [#10] at ¶ 30), at the status conference, neither Plaintiff's nor Defendants' counsel could confirm whether Defendants operate oilfields in any locations in the United States other than Texas.  There is no basis in the record for certifying a nationwide class of workers.

Additionally, Plaintiff has not satisfied his burden to establish that this proposed class of aggrieved individuals are similarly situated with respect to job requirements, such that they performed the same basis tasks.  *See Pedigo*, 666 F. Supp. 2d at 698.  The job duties described in the declaration include managerial duties that presumably would not be required duties of all oilfield workers.  And the declaration of Michael R. Nuss, Vice President of Ensign U.S. Drilling (SW), Inc., differentiates Plaintiff's position from others at the rig site.  (Nuss Decl. [#28-1] at ¶¶ 14, 15 (stating that Plaintiff, as a rig manager, worked as a supervisor and was responsible for managing five to ten employees at a time, as well as running the entire rig site).)  Nuss's Declaration also emphasizes that Plaintiff, with earnings in excess of $100,000 per year and a day rate of $636, was guaranteed a biweekly salary of $5,576.92, unlike many of his coworkers, and suggests that Defendants will be arguing that Plaintiff was an exempt employee.  (*Id.* at ¶

17.)  Indeed, Defendants' Answer asserts that Plaintiff was an exempt employee pursuant to the executive, administrative, and highly compensated employee exemptions and was therefore not entitled to the overtime compensation he seeks.  (Answer [#22] at 2.)  In light of these identified distinctions between Plaintiff and other oilfield employees working for Defendants, the Court declines to conditionally certify a class of all oilfield workers.  It would not promote judicial efficiency to certify a class of managerial oil field workers—workers who may be exempt if they were paid on a salary basis and meet other requirements of the asserted exemptions—along with non-managerial workers, who likely would not be exempt regardless of whether they were paid on a salaried basis.  Regardless, Plaintiff's motion and declaration do not provide sufficient information about the non-managerial workers to be able to conclude they are sufficiently similarly situated to Plaintiff to be included in the class.

Plaintiff's declaration has established, however, that a more limited class of oilfield workers—all rig managers working in Texas—is entitled to notice of this lawsuit.  The Court finds that certifying this smaller and more geographically limited class, a class comprised of those who shared the same job title and geographic scope of work as Plaintiff, will advance the purposes of conditional certification under the FLSA—streamlining discovery and promoting judicial efficiency.  *See Pedigo*, 666 F. Supp. 2d at 698.

Finally, the Court notes that there is a dispute between the parties regarding the relevant time period of employment to be included in the class definition.  Plaintiff propose a three-year period looking back from the date this lawsuit was filed—April 23, 2017 through the final disposition of this matter.  Defendants argue the Court should adopt a narrower time period, limiting the employment period to two years from the date of class certification (not the date this suit was filed).

8

The statute of limitations for a cause of action under the FLSA is two years, unless there is evidence of a willful violation, which extends the limitations period to three years; in either event, the limitations period is ultimately measured for each opt-in from the date that he filed his consent form. *See* 29 U.S.C. § 255(a).  The Court rejects Defendants' contention that it should consider the question of willfulness in determining the time period to include in the class definition, as willfulness is a merits question not to be considered at the certification stage of FLSA litigation. *See Tice*, 826 F. Supp. 2d at 996 n.3 (declining to make a determination at the conditional certification stage "about the appropriateness of the three years statute of limitations as willfulness is a question of fact to be decided later in the case"); *Heeg v. Adams Harris, Inc.*, 907 F. Supp. 2d 856, 865 (S.D. Tex. 2012) ("FLSA plaintiffs are not required to prove willfulness prior to discovery.") (citation omitted).

But the Court agrees with Defendants that the three-year period in the class definition should run from the date of certification or notice, not the date the lawsuit was filed, because Plaintiff's proposed period, if adopted, could ultimately capture former workers who might have ceased working for Defendants more than three years ago, and thus more than three years before they can file their consent form. *See Snively v. Peak Pressure Control*, LLC, 174 F. Supp. 3d 953, 963 (W.D. Tex. 2016) (holding that "the three-year limitations period under the FLSA should be measured from the date notice is issued, rather than the date Plaintiff's Complaint was filed").  The Court is tolling the statute of limitation as of the date of this Order, so the time period included in the class definition will be from September 14, 2017 through the final disposition of this matter.

**IT IS THEREFORE ORDERED** that Plaintiff's Opposed Motion for Conditional Certification and Notice to Putative Class Members [#17] is **GRANTED IN PART**.

**IT IS FURTHER ORDERED** that the following class is conditionally certified:

> All rig managers employed by Trinidad Drilling LLC, and/or Trinidad Drilling, LP, anywhere in Texas, at any time from September 14, 2017 through the final disposition of this matter, and were paid a day rate but no overtime.

**IT IS FURTHER ORDERED** that within **14 days** after entry of this Order, **on or before September 28, 2020**, the parties are required to **meet and confer** regarding the substance or method of Plaintiff's proposed notice and to submit to the Court their proposed notice for approval in light of this Order.  If the parties successfully reach an agreement regarding the notice, they should notify the Court of the same.  If there are portions of the notice on which the parties do not agree, the parties should clarify which portions of the notice are agreed and which are disputed, and for the latter, the parties should brief their respective positions to the Court for resolution.

**IT IS FURTHER ORDERED** that the statute of limitations for all potential opt-in Plaintiff is **TOLLED** from the date of this Order to the date notice is disseminated in this action.

**IT IS FINALLY ORDERED** that any relief requested not expressly granted herein is **DENIED**.

SIGNED this 14th day of September, 2020.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE