IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOSE ORTIZ, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED; | § § § § § § § § § § § § § § | SA-20-CV-00503-OLG |
| *Plaintiff,* | | |
| vs. | | |
| TRINIDAD DRILLING, LLC, TRINIDAD DRILLING, L.P., | | |
| *Defendants.* | | |

## **ORDER**

Before the Court is the above-styled cause of action, which was referred to the undesigned for all pretrial proceedings [#29]. The record reflects that the Court granted in part Plaintiff's motion for conditional certification on September 14, 2020 [#47], and conditionally certified a class of "all rig managers employed by [Defendants] anywhere in Texas, at any time from September 14, 2017 through the final disposition of this matter, and were paid a day rate but no overtime." The Court ordered the parties to confer regarding the substance and method of notice to the class and tolled the statute of limitations for all potential opt-in Plaintiffs.

The parties filed briefs on notice [#50, #51], as well as responses to the briefs [#54, #56], and the Court held a telephonic hearing on October 22, 2020 to address the parties' disputes, at which all parties appeared through counsel. At the hearing, the Court issued certain oral rulings, which it now memorials with this written Order. The following Order does not address the parties' agreements as memorialized in their briefing, only their disagreements.

The primary dispute between the parties is over the import of the recent case *In re JP Morgan Chase & Co.*, 916 F.3d 494, 501 (5th Cir. 2019), in which the Fifth Circuit held that a

district court abused its discretion by ordering notice to employees who had signed arbitration agreements and thus were not potential participants of the FLSA collective action. Defendants believe there are between 50 and 65 rig managers of the 123 class members who signed binding arbitration agreements and therefore should not receive notice of this collective action per *JP Morgan*. Defendants therefore ask the Court for additional time to identify the class members who signed these agreements. Plaintiff argues that Defendants waived their argument under *JP Morgan* by failing to meet their burden to demonstrate that valid arbitration agreements exist at the time the Court conditionally certified the class, and that Defendants' suggestion of a two-step process—certification and then an identification of any class members who agreed to arbitrate their dispute—was neither contemplated nor endorsed by the Fifth Circuit.

The Court rejects Plaintiff's waiver argument, as Defendants' response to Plaintiff's motion for conditional certification raised *JP Morgan* and argued that notice should not issue to any class member who signed a valid arbitration agreement. (Resp. [#28] at 24.) Moreover, the Court disagrees with Plaintiff's position that Defendants were required to identify valid arbitration agreements prior to the Court's conditional certification order ruling on the scope of the class. Plaintiff's certification motion sought certification of a class of "all oilfield workers." The Court significantly narrowed the class and limited conditional certification to a class of "all rig managers." Now that the class has been defined, Defendants can satisfy their burden to identify those rig managers who agreed to arbitrate their disputes.

Finally, even if Defendants had failed to raise *JP Morgan* in their conditional certification briefing, the Court would be unlikely to embrace Plaintiff's waiver argument. The Fifth Circuit was unequivocal in *JP Morgan* that "district courts may not send notice to an employee with a valid arbitration agreement unless the record shows that nothing in the agreement would prohibit

that employee from participating in a collective action." 916 F.3d at 501.  Moreover, the Fifth Circuit expressly directed that district courts "should permit submission of additional evidence, carefully limited to the disputed facts, at the conditional-certification stage" *Id.* at 502.  Plaintiff would have the Court interpret this directive as requiring that all disputes regarding notice be resolved at the same moment as the ruling on the scope of the class to receive that notice.  The Court declines to adopt this approach, which does not align with the purpose of conditional certification, which is to promote efficient case management and resolution.  Class certification and notice are both integral parts of "the conditional-certification stage" of FLSA collective action litigation.  The Court will therefore permit Defendants additional time to provide Plaintiff with the arbitration agreements for the employees at issue and for Plaintiff to respond with any objections to the validity and the enforceability of the agreements.  If "a preponderance of the evidence shows that the employee has entered into a valid arbitration agreement, it is error for a district court to order notice to be sent to that employee as part of any sort of certification." *Id.* at 503.

The parties' other disputes concern specific objections to the language proposed in the notice.  The Court reviewed the parties' red-line copy of the notice at the hearing and resolved each dispute at issue.  The Court will attach a clean copy of the approved notice to this Order as Exhibit A.

Additionally, the Court will approve Plaintiff's request for notice by mail, email, and text message.  Although the Court will permit a reminder notice via the same means, Plaintiff's counsel will not be permitted to remind class members regarding the return of their consent forms by phone.

Finally, the parties disagree as to how much information on each class member Defendants are required to provide to facilitate notice.  Plaintiff seeks names, addresses, email addresses, phone numbers, dates of employment, dates of birth, and drivers' license numbers for each class member.  The Court will only require Defendants to produce the names, addresses, email addresses, and phone numbers in their possession for each class member.  The certified class is not so large as to justify the production of the additional requested information, which Plaintiff conceded at the hearing is only necessary as additional identifying information where classes are so large that multiple employees have the same name.

**IT IS THEREFORE ORDERED** that Defendants provide Plaintiff with all arbitration agreements signed by members of the certified class on or before **October 30, 2020**.  Defendants may redact the names of the class members on the arbitration agreements as necessary to protect the employees' identities.

**IT IS FURTHER ORDERED** that Defendants provide Plaintiff with the contact information for the remainder of the certified class members (name, address, phone number, and email address) on or before **October 30, 2020**.

**IT IS FURTHER ORDERED** that Plaintiff may file any objections to the validity and enforceability of the arbitration agreements on or before **November 6, 2020**.

**IT IS FURTHER ORDERED** that Plaintiff may issue notice of this lawsuit by mail, email, and text message and may issue a reminder notice by the same means.  Plaintiff may not contact class members by phone to remind them to respond to the notice.

**IT IS FINALLY ORDERED** that the parties use the Court-approved notice form attached to this Order as Exhibit A in issuing notice in this case.

**IT IS SO ORDERED.**

SIGNED this 28th day of October, 2020.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOSE ORTIZ,<br>Individually and on behalf<br>of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>TRINIDAD DRILLING, LLC, and<br>TRINIDAD DRILLING, L.P.,<br><br>*Defendants*. | §§§§§§§§§§§§§§§ | Civil Action No. 5:20-cv-00503-OLG-ESC<br><br><br><br><br><br>JURY TRIAL DEMANDED<br><br><br>COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) |

## NOTICE OF COLLECTIVE ACTION LAWSUIT

TO: All Rig Managers employed by Trinidad Drilling, LLC and/or Trinidad Drilling, LP, anywhere in the state of Texas, at any time from September 14, 2017 through the final disposition of this matter, and who were paid a day date and no overtime.

RE: Unpaid Overtime Lawsuit Against Trinidad Drilling, LLC and Trinidad Drilling, L.P. (collectively "Trinidad Drilling").

**DEADLINE TO FILE CONSENT FORM: _____, 2020.**[1]

| 1. | **Why Are You Getting This Notice?** |
|---|---|

You received this Notice because the Court in charge of this lawsuit has ordered this Notice be sent to persons who are identified by Trinidad Drilling, LLC, and/or Trinidad Drilling, LP in Texas as a current or former Rig Manager who was paid a day rate and no overtime (together, "Plaintiffs") who worked for Trinidad Drilling at any time.

The Court has allowed or "certified" a collective action lawsuit that may affect you. This notice is intended to advise you of how your rights under the Fair Labor Standards Act ("FLSA") may be affected by this lawsuit and describe how to participate in this lawsuit.

---

[1] [REMOVE BEFORE SENDING] This date will be 60 days from the date the notice is mailed.

1

| 2. | What Is This Lawsuit About? |

Jose Ortiz filed this lawsuit on behalf of himself and other current and former Rig Managers who were paid a day rate and no overtime and who worked for Trinidad. The key dispute is whether Plaintiff Jose Ortiz and other Rig Managers are owed overtime pay for time they spent working over 40 hours in a workweek pursuant to the Fair Labor Standards Act ("FLSA").

Plaintiff alleges that Trinidad Drilling did not pay him overtime for all hours worked over forty (40) hours in a workweek. Specifically, Plaintiff alleges Trinidad Drilling misclassified him as exempt from overtime and paid him a day rate and no overtime. In addition to unpaid overtime pay, Plaintiff is seeking liquidated (double) damages equal to the overtime pay, as well as attorneys' fees and costs.

Trinidad contends that Plaintiff and all other Rig Managers were properly classified as exempt employees under the FLSA and, thus, were exempt from the overtime pay requirements. Accordingly, Trinidad contends that it properly paid Plaintiff and all other Rig Managers and that it does not owe any Rig Managers any additional pay.

The Court has not decided who is right but has authorized this notice to inform you of your right to join this lawsuit.

| 3. | Are You Eligible to Join This Lawsuit? |

You are eligible to join this lawsuit if (1) you were employed in Texas by Trinidad Drilling as a Rig Manager at any time from September 14, 2017 to the present; and (2) you were paid a day rate, but were not paid overtime.

| 4. | What Are Your Options? |

If you meet the criteria for this lawsuit, you have a choice to assert your legal rights in this case if you desire to do so. However, you are not required to do so and may choose to take no action without consequence to you.

If you want to become a party to this case, you must read, sign, and return the attached Consent to Join Wage Claim form by _____[2], **2020**.

You may return your consent form by filling out the attached Consent form, mailing it to Plaintiff's attorneys at team@a2xlaw.com.

If you do not desire to join this lawsuit, then you need not sign or return the Consent form.

| 5. | Effect of Joining or Not Joining the Lawsuit. |

If you choose to join this lawsuit, then you will be bound by the judgment in this case, regardless of whether it is favorable or unfavorable to you. If you prevail, then you may receive back pay for

---

[2] [REMOVE BEFORE SENDING] This date will be 60 days after the Notice is mailed.

unpaid overtime, liquidated damages, and attorneys' fees. If you do not prevail, then you will not receive back pay, liquidated damages, or attorneys' fees.

If you decide to join the lawsuit, you may be required to answer written questions, produce documents, appear for a deposition, and/or testify at trial in San Antonio, Texas with regard to your claims against Defendants.

Because of the statute of limitations, eligible workers who do not join this litigation or choose to file their own separate claims may lose any rights to recover overtime for work performed in the past for Defendants.

### 6. Retaliation Is Not Permitted.

Federal law prohibits employers from taking any adverse action against any person who has filed or joined an overtime lawsuit under the FLSA. If you believe you have been the victim of retaliation, please let us know or contact another attorney to discuss your rights.

### 7. Your Legal Representation If You Join.

If you choose to join this suit you may choose to hire your own attorney or you may agree to be represented by Plaintiff's attorneys.

If you complete and submit the enclosed Consent Form you will be represented by the law firm of ANDERSON ALEXANDER, PLLC. Their contact information is listed below.

Plaintiff's attorneys are advancing the expenses of the litigation. They are representing the Plaintiff on a contingency fee basis. No current or former Rig Manager who opts into the lawsuit will owe any attorneys' fees unless the Plaintiff wins the lawsuit.

Plaintiff and his attorneys have agreed to a total attorneys' fee of forty percent (40%) of the unpaid overtime pay and liquidated damages that you might be awarded as a result of the lawsuit. This percentage will be reduced by any award of attorneys' fees received from the Court.

In no event will any Rig Manager who returns the consent form in this lawsuit owe any fees or costs to the attorneys if no award of back wages or overtime is received.

### 8. How Can You Receive More Information?

If you have any questions about the collective action, your rights, or the claims being made in this lawsuit, you may contact Plaintiff's attorneys directly at:

ANDERSON ALEXANDER, PLLC
819 N. Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Fax: (361) 452-1284
team@a2xlaw.com

You should *not* contact the Court to discuss this matter.

### 9. You Have Sixty (60) Days to Join this Lawsuit.

Your determination of whether or not to take action should be made promptly. Because the law only allows a person to recover up to three (3) years of back wages from the date the Consent to Join Wage Claim form is filed, time is of the essence in submitting this form if you wish to have the opportunity to make a full recovery.

All Consent forms must be filed no later than _____, **2020,** which is sixty (60) days after this Notice was mailed to you. A Consent form is enclosed with a self-addressed stamped envelope.

4

## CONSENT TO JOIN WAGE CLAIM AGAINST TRINIDAD

Print Name: _____

1. I consent, agree, and opt-in to the lawsuit filed against Trinidad Drilling, LLC and Trinidad Drilling, L.P., ("Trinidad") titled *Jose Ortiz v. Trinidad Drilling, LLC, et al.*, No. 5:20-CV-00503-OLG (W.D. Tex.) ("the Lawsuit"), to pursue my claims of unpaid overtime under the Fair Labor Standards Act ("FLSA") during the time that I was employed by Trinidad.

2. I understand that the Lawsuit is brought under the FLSA, and I consent to be bound by the Court's decision.

3. I designate the attorneys at the law firm of ANDERSON ALEXANDER, PLLC as my attorneys to prosecute my wage claims in the Lawsuit and understand I will be bound by the fee agreement with Anderson Alexander, PLLC. The fee agreement is available upon request.

4. I consent to having the Representative Plaintiff in the complaint against Trinidad make all decisions regarding the litigation, the method and manner of conducting this litigation, the terms of any potential settlement of this litigation, releasing of claims, entering into an agreement with Plaintiff's Counsel regarding attorneys' fees and costs, and all other matters pertaining to this lawsuit.

5. If needed, I authorize the attorneys at the law firm of ANDERSON ALEXANDER, PLLC to use this consent to re-file my claim in a separate lawsuit or arbitration against Trinidad Drilling.

Signature: _____    Date: _____

**Please print or type the following information which will be kept confidential:**

| _____ | _____ |
| Address | City/State/Zip |

| _____ | _____ |
| Home Telephone Number | Cell Phone Number |

| _____ | _____ |
| E-mail Address | Estimated Dates of Employment |

| _____ | _____ |
| Position(s) Held with Trinidad Drilling Drilling | Location(s) Worked for Trinidad |

**RETURN THIS FORM BY MAIL, E-MAIL OR FAX TO:**
**Overtime Lawsuit Against Trinidad Drilling**
**ANDERSON ALEXANDER, PLLC**

5

**819 N. Upper Broadway**
**Corpus Christi, Texas 78401**
**Fax: (361) 452-1284**
[team@a2xlaw.com](mailto:team@a2xlaw.com)

**Subject:   Unpaid Overtime Lawsuit Against Trinidad Drilling**

Dear Current or Former Rig Manager of Trinidad Drilling, LLC and/or Trinidad Drilling, LP:

This law firm represents current and former Rig Managers who worked (or currently work) for Trinidad Drilling, LLC and/or Trinidad Drilling, LP in Texas at any time in the last 3 years in a lawsuit seeking to recover unpaid overtime wages. Attached is the Court-authorized Notice regarding the lawsuit against Trinidad Drilling and Consent to Join form.

You are receiving this e-mail because Trinidad Drilling's records indicate that you are eligible to participate in this lawsuit and your rights may be affected by its outcome. The attached Notice and Consent to Join explains the steps you need to take if you want to join the lawsuit and also if you do not want to join.

If you have any questions, please feel free to contact me or my law firm at the number below or by responding to this email. Thank you.