IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOSE ORTIZ, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED; | § § § | |
| | § | SA-20-CV-00503-OLG |
| *Plaintiff,* | § § | |
| | § | |
| vs. | § | |
| | § | |
| TRINIDAD DRILLING, LLC, | § | |
| TRINIDAD DRILLING, L.P., | § | |
| | § | |
| *Defendants.* | § | |

## **ORDER**

Before the Court is the above-styled collective action arising under the Fair Labor Standards Act, 29 U.S.C. § 216(b) ("FLSA"), which was referred to the undesigned for all pretrial proceedings [#29].  This Order addresses a dispute between the parties regarding which members of the certified class are entitled to notice of this lawsuit as part of the conditional certification process.  Defendants contend that a subset of class members executed arbitration agreements requiring them to arbitrate their overtime claims, and, therefore, this Court is prohibited from authorizing notice to these individuals under the Fifth Circuit's recent decision in *In re JPMorgan Chase & Co.*, 916 F.3d 494, 501 (5th Cir. 2019).  For the reasons that follow, the Court finds that the redacted arbitration agreements produced by Defendants govern the representative collective claims before the Court.  Therefore, any class member who signed such an agreement is not entitled to receive notice of this lawsuit, and Defendants may withhold the names and contact information of these class members from Plaintiff.

## I.  Procedural Background

By this lawsuit, Plaintiff Jose Ortiz seeks overtime compensation under the FLSA, on behalf of himself and all others similarly situated.  The only remaining Defendants in this case are Trinidad Drilling, LLC and Trinidad Drilling LP.   On September 14, 2020, the Court conditionally certified a class of "all rig managers employed by [Defendants] anywhere in Texas, at any time from September 14, 2017 through the final disposition of this matter, and were paid a day rate but no overtime."  The Court ordered the parties to confer regarding the substance and method of notice to the class and tolled the statute of limitations for all potential opt-in Plaintiffs. The parties filed briefs on notice [#50, #51], as well as responses to the briefs [#54, #56], and the Court held a telephonic hearing on October 22, 2020 to address the parties' disputes, at which all parties appeared through counsel.  After the hearing on the outstanding notice issues, the Court issued an Order dated October 28, 2020 [#60], resolving the majority of the parties' disputes and providing the parties with a copy of the Court-approved notice form for the purpose of issuing notice in this case.

One final issue remains.  At the Court's hearing, Defendants informed the Court that they believe there are between 50 and 65 rig managers of the 123 class members who signed binding arbitration agreements covering the FLSA claims at issue in this suit.  Defendants therefore contend that these rig managers should not receive notice of this collective action per the Fifth Circuit's decision in *JPMorgan*, which held that a district court abused its discretion by ordering notice to employees who had signed valid arbitration agreements, as these individuals were not potential participants in the FLSA collective action.  *See* 916 F.3d at 501.

At the hearing, Defendants asked the Court for additional time to identify the class members who signed these agreements, which the Court granted.  The Court's post-hearing

Order directed Defendants to provide Plaintiff with all arbitration agreements signed by members of the certified class on or before October 30, 2020 and permitted Defendants to redact the names of the class members on the arbitration agreements to protect the employees' identities. As to all other class members, the Court ordered Defendants to provide Plaintiff with the contact information (name, address, phone number, and email address) by that same date. The Court directed Plaintiff to respond with any objections to the validity and enforceability of the agreements on or before November 6, 2020.

Defendants filed a Notice of Compliance with the Court on October 30, 2020, indicating they had served redacted copies of 60 arbitration agreements and the list of remaining putative class members on Plaintiff's counsel via email. Plaintiff timely filed objections to the agreements [#63] on November 6, 2020. Plaintiff raises two objections to the arbitration agreements: (1) Plaintiff objects to the redaction of the names and signatures of the employees executing the produced arbitration agreements, arguing that Plaintiff has no means to verify whether the agreements were actually signed by class members; and (2) Plaintiff objects to Defendants' assertion that the arbitration agreements govern the collective FLSA claims in this case. Defendants filed a response to Plaintiff's objections [#64]. The parties' dispute is ripe for the Court's review.

## II.  Analysis

The Fifth Circuit held in *JPMorgan* that it is error for a district court to order notice of an FLSA collective action to an employee who has agreed to arbitrate the FLSA claims at issue and waived the right to participate in a collective action. *JPMorgan Chase & Co.*, 916 F.3d at 502–03. In reaching this holding, the Court provided some guidance to lower courts faced with

arguments regarding arbitration agreements at the conditional certification stage of FLSA litigation:

> [I]f there is a genuine dispute as to the existence or validity of an arbitration agreement, an employer that seeks to avoid a collective action, as to a particular employee, has the burden so show, by a preponderance of the evidence, the existence of a valid arbitration agreement for that employee.  The court should permit submission of additional evidence, carefully limited to the disputed facts, at the conditional-certification stage.  Where a preponderance of the evidence shows that the employee has entered into a valid arbitration agreement, it is error for a district court to order notice to be sent to that employee as part of any sort of certification.

*Id.*  "Nevertheless, notice to a putative class member is permitted if 'nothing in the [arbitration] agreement would prohibit that employee from participating in the collective action.'"  *In re Spiros Partners, Ltd.*, 816 Fed. App'x 985, 987 (5th Cir. 2020) (quoting *JPMorgan Chase & Co.*, 916 F.3d at 501).

Defendants have attached to their briefing a sampling of redacted arbitration agreements they assert were signed by members of the certified class.  (*See* Arbitration Agreements [#50-1] at 5–18, [#56-1] at 2–3, [#56-2] at 2–11.)  These Agreements are all entitled "Agreement to Arbitrate All Claims and Waive Class and Representative Actions" and are entered into between an employee (whom Defendants represent would fall within the class definition) and Ensign United States Drilling (S.W.), Inc. (an original Defendant in this lawsuit).  (*See id.*)  The agreements contain broad language regarding the scope of the arbitration agreement, which applies to "[a]ll claims and disputes between the Parties":

> **(2) Scope.**  The scope of this Agreement is intended to be interpreted as broadly and inclusively as applicable state and federal law permit.  It includes, but is not limited to all claims and disputes:  (a) arising out of or relating to any aspect of the employment relationship between the Parties, whether based in contract, tort, statute, fraud, misrepresentation, or any other legal theory . . . .

4

(*See, e.g.*, Arbitration Agreement [#56-2] at 2.)   The Agreements devote three paragraphs to addressing class and representative actions.   Paragraph 6 limits the arbitrator to issuing declaratory and injunctive relief only in favor of an individual party and prohibits the consolidation of more than one person's claims before the arbitrator:

> **(6)  Individual Relief.**  The arbitrator may award declaratory or injunctive relief only in favor of the individual party seeking such relief and only to the extent necessary to provide relief warranted by that party's individual claim.  Further, unless both Employee and Company agree otherwise in writing, the arbitrator may not consolidate more than one person's claims, and may not otherwise preside over any form of class or representative proceeding.

(*Id.* at 3.)  Paragraph 7 is a class action waiver, which provides:

> **(7)  Waiver of Class Actions**.  Employee and Company expressly intend and agree that the provisions of paragraph (6) apply to, and preclude the bringing of any claim in which Employee or Company purports to represent the interests of any other person in a class action.  Employee and Company expressly and knowingly waive the right to bring or participate in any class action.

(*Id.*)   Paragraph 8 contains identical language and waives the employee's right to bring or participate in any representative action:

> **(8)   Waiver of Representative Actions.**   Employee and Company expressly intend and agree that the provisions of paragraph (6) apply to, and preclude the bringing of any claim in which Employee or Company purports to represent the interests of any other person in a representative action.  Employee and Company expressly and knowingly waive the right to bring or participate in any representative action.

(*Id.*)

Plaintiff does not genuinely dispute the existence or validity of the arbitration agreements.  Plaintiff's sole argument regarding the validity of the agreements is that he cannot verify whether the putative class members actually signed the agreements due to the redaction of employee names and signatures.  Yet Plaintiff does not suggest that the signatures are not valid

or that there is any other defect regarding contract formation.  And to the extent that Plaintiffs are implying Defendants are misleading the Court and Plaintiffs by providing copies of agreements that purport to redact signatures but in fact are unsigned, that constitutes an allegation of unethical, sanctionable conduct that requires support and should not be levied on mere supposition.

Neither does Plaintiff argue that the arbitration agreements produced by Defendants do not govern the employment relationship between the parties.[1]  Plaintiff does not argue that the arbitration agreements do not cover the substance of the FLSA overtime claims giving rise to this action.  Plaintiff's sole substantive challenge to the agreements is that they do not apply to this case because they do not contain an express prohibition of or waiver of the right to participate in a *collective*, versus a *class* or *representative*, action.  Plaintiff directs the Court to a recent district court case out of the Southern District in support of his argument.  *See Kibodeaux v. A&D Interests, Inc.*, No. 3:20-cv-0008, 2020 WL 6292551, at *3 (S.D. Tex. Oct. 27, 2020).

In *Kibodeaux*, the district court concluded that the arbitration agreement's class action waiver, which did not reference collective or representative actions, was not an absolute prohibition on the employee's participation in the FLSA collective action before the court, despite the fact that the agreement covered "any controversy or claim."  *Id.* at *4.  In doing so, the court relied on the statement in *JPMorgan* that suggests there may be limited circumstances in which a putative class member who signed an arbitration agreement may still receive notice of a collective action where "nothing in the [arbitration] agreement would prohibit that employee

---

[1]   Plaintiff previously suggested that Defendants might not be able to enforce the arbitration agreements because they were executed between employees and Ensign, "an unrelated non-party to this litigation."  (*See* Reply [#56] at 2.)  But Plaintiff did not include any objection to the enforceability of the arbitration agreements by Defendants in his objections to the agreements produced by Defendants.

from participating in the collective action." *Id.* (quoting *JPMorgan Chase & Co.*, 916 F.3d at 502). The court noted that an opt-in collective action under the FLSA is "fundamentally different" from an opt-out class action under Rule 23. *Id.* (internal quotation and citation omitted). Construing the term "class action" in the agreement at issue to mean only Rule 23 class actions, the court held that an agreement to forego participation in a class action did not waive the right to participate in a FLSA collective action. *Id.*

To state the obvious, the decision in *Kibodeaux* is not binding on this Court. Moreover, the court's construction of "class action," an undefined term in the agreement, to mean only and specifically Rule 23 class actions is questionable. To be sure, there are important differences between Rule 23 class actions and FLSA collective actions, but advocates and courts often use the terms "class" in the context of FLSA collective actions.

In any event, the agreements in this case are distinguishable and compel a different interpretation, as the *Kibodeaux* court did not interpret an arbitration agreement that contained a waiver of "representative actions," as does the contract here. A collective action is a representative action and proceeds as such throughout discovery if certified. *See, e.g.*, *Yair Granados v. Hinojosa*, 219 F. Supp. 3d 582, 584–85 (W.D. Tex. 2016) (referring repeatedly to FLSA collective actions as "representative actions"). Plaintiff has not provided the Court with any cogent argument for concluding that the arbitration agreements at issue, which broadly cover "all claims and disputes" arising out of the employment relationship between the parties and which prohibit all class and representative actions nonetheless exempts the collective claims raised here. Plaintiff's argument runs counter to the strong presumption in favor of arbitration. *See AT&T Techs., Inc. v. Comm'ns Workers of Am.*, 475 U.S. 643, 650 (1986) ("[W]here the contract contains an arbitration clause, there is a presumption of arbitrability in the sense that

[a]n order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.") (internal citation and quotation omitted)).

It is Defendants' burden to produce valid and enforceable arbitration agreements executed by putative class members in order to withhold notice to these individuals. *See JPMorgan Chase & Co.*, 916 F.3d at 502–03.  Defendants have done so.  In light of the broad language in the arbitration agreements produced by Defendants, and the clear class and representative action waivers contained in the agreements, Plaintiff cannot credibly argue that "nothing . . . would prohibit [the employees executing the agreements] from participating in the collective action."  *See id.* at 501.  Defendants have therefore satisfied their burden to demonstrate that a subset of employees signed valid arbitration agreements governing the FLSA claims asserted in this FLSA collective action.  Defendants may withhold the names and contact information of those rig managers who signed arbitration agreements identical to those provided to the Court.

Finally, the Court rejects Plaintiff's argument that he should be afforded the opportunity to contact those individuals identified by Defendants as having signed arbitration agreements for the purpose of investigating the viability of the agreements at issue.  Plaintiff is not entitled to the contact information of the employees who are not entitled to notice of this lawsuit because they have signed arbitration agreements, just as he would not be entitled to review the names of employees who fall outside the class definition in other respects.  The Fifth Circuit has stated explicitly that the Court does not even have discretion to order employers to provide the contact information of the employees who have signed arbitration agreements waiving the right to participate in collective actions.  *See id.* at 504 n.23.  And the panel emphasized that although

district courts have discretion in issuing notice, they must avoid alerting those who do not have the right to participate in the lawsuit of their potential FLSA claims, even if they may be arbitrable, because doing so "merely stirs up litigation." *Id*. at 502 (citing *Hoffmann-LaRoche, Inc. v. Sperling*, 493 U.S. 165, 174 (1989)). Mindful of the balance this Court must strike, Plaintiff's argument that he should be entitled to the names and contact information of employees who do not have the right to participate in this lawsuit is rejected.

**IT IS THEREFORE ORDERED** that Plaintiff's objections to the validity and enforceability of the arbitration agreements produced by Defendants are **OVERRULED**.

SIGNED this 2nd day of December, 2020.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE

9