UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JOSE ORTIZ,<br>Individually and on behalf<br>of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>TRINIDAD DRILLING, LLC., and TRINIDAD DRILLING, LP,<br><br>*Defendants*. | Civil Action No. 5:20-cv-00503-OLG<br><br><br><br><br><br>COLLECTIVE ACTION<br>PURSUANT TO 29 U.S.C. § 216(b) |

### PLAINTIFF'S UNOPPOSED MOTION TO DISMISS WITH PREJUDICE AND FOR APPROVAL OF SETTLEMENT AGREEMENT

Plaintiff Jose Ortiz, individually and behalf of all opt-in plaintiffs whose consent remains on file in this matter (collectively, "Plaintiffs"), files this Unopposed Motion ("Motion") to Dismiss with Prejudice and for Approval of Settlement Agreement ("Agreement"),[1] and Defendants Trinidad Drilling, LLC and Trinidad Drilling, LP. ("Defendants") does not oppose this Motion.

**I.    RELEVANT PROCEDURAL AND FACTUAL BACKGROUND**

On April 23, 2020, Named Plaintiff filed a putative collective action against Defendants alleging misclassification of Plaintiffs as exempt employees and the failure to pay overtime in accordance with the Fair Labor Standards Act, 29 U.S.C. §§ 201–19, as amended ("FLSA"). On September 14, 2020, this Court conditionally certified a collective action and authorized Plaintiffs'

---

[1] The Settlement Agreement is attached as Exhibit A to the Unopposed Motion to Seal which is being contemporaneously with this Motion.

Counsel to issue a notice of this collective action under Section 216(b) of the FLSA. To date, sixteen (16) individuals have opted in as Party Plaintiffs, including Plaintiff Ortiz.

Defendants deny Plaintiffs' allegations and contend that Trinidad employees have been at all times properly classified under the FLSA. On August 10, 2020, Defendant Trinidad Drilling, LP filed its Answer to Plaintiff's First Amended Complaint and on September 10, 2020, Defendant Trinidad Drilling LLC filed its Answer to Plaintiff's First Amended Complaint, both denied all material allegations in the Litigation. *See* ECF Nos. 33 and 46.

Plaintiffs responded to Defendants' written discovery and the Parties agreed to an informal document exchange so Plaintiffs' could obtain the relevant pay data. This exchange allowed the Parties to move forward with informal resolution. Plaintiffs created a damage model based on the records and information provided by Defendants and their own experiences with the company.

After engaging in extensive arm's-length negotiations with experienced wage and hour counsel on both sides that consisted of multiple demands, offers, and counteroffers, the Parties reached an agreement to resolve the matter, in principle. That agreement was later memorialized into the Settlement Agreement currently before this Court.

## II. THIS COURT SHOULD APPROVE THE SETTLEMENT OF PLAINTIFFS' FLSA CLAIMS

This matter is brought pursuant to the Fair Labor Standards Act ("FLSA"). The Parties have thoroughly investigated Plaintiffs' allegations and Defendants' defenses. The Parties are represented by counsel with significant experience in wage and hour litigation. After a year of hotly contested litigation, months of negotiations, the Parties were able to resolve this matter. The Parties' agreement is contained in the Settlement Agreement, which was fully executed by the Parties as of July 21, 2021. The settlement involves payments to Named Plaintiff Ortiz, the Opt-In Plaintiffs and a payment to Plaintiffs' counsel for attorney's fees and costs. As part of the

Settlement Agreement, Plaintiffs agreed to release, among other wage claims, any and all claims they may have pursuant for failure to pay overtime or premium wages pursuant to the FLSA against the Defendants relating to events occurring prior to the date of a final judgment in this matter.

### A. Relevant Legal Standards

The FLSA does not expressly authorize or expressly require district courts to review settlement agreements reached by litigants in pending FLSA cases. Nevertheless, to prevent employers from entering into private agreements which violate the rights guaranteed under the FLSA, the Supreme Court has long held that waiver of such rights is impermissible because it violates the express will of Congress concerning a public right. *See D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 116 (1946); *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 704 (1945). These cases held that employees could not settle for less than what they were owed under the FLSA nor waive their right to liquidated damages unless there was a bona fide dispute between the parties over the number of hours worked or compensation owed. Many courts applied the principles in these cases as prohibiting the settlement of FLSA cases unless the settlements were approved by the courts or by the Department of Labor. In 2012, the Fifth Circuit clarified neither court nor DOL approval is required in a case pending before the court where the private compromise of FLSA claims involves "a bona fide dispute as to the amount of hours worked or compensation due." *Martin v. Spring Break '83 Prods., LLC*, 688 F.3d 247, 255 (5th Cir. 2012) (quoting *Martinez v. Bohls Bearing Equipment Co.*, 361 F. Supp. 2d 608, 631 (W.D. Tex. 2005)).

"When a court scrutinizes an FLSA settlement agreement, it must 'determine whether (1) the settlement involves the resolution of a bona fide dispute over an FLSA provision and (2) the settlement is fair and reasonable.'" *Tharp v. Energes LLC*, No. 5:15-CV-983-DAE, 2018 WL 7286479, at *2 (W.D. Tex. July 16, 2018) (quoting *Altier v. Worley Catastrophe Response, LLC*, No. 11-241, 11-242, 2012 WL 161824, at *13 (E.D. La. Jan 18, 2012) (citations omitted)). If the

settlement meets the above criteria the court may approve the settlement agreement and enter final judgment. *Id.* (citing *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 719 (E.D. La. 2008) ("In order to approve a settlement proposed by an employer and employees of a suit brought under the FLSA and enter a stipulated judgment, a court must determine that the settlement is a 'fair and reasonable resolution of a bona fide dispute over FLSA provisions.'").

A bona fide dispute exists in this case and the Settlement Agreement is fair and reasonable.[2]

### B. A Bona Fide Dispute is Present in This Case.

Plaintiffs assert they were denied overtime wages required under the FLSA. Defendants have always disputed that Plaintiffs are entitled to such wages. Plaintiffs contend that they were misclassified as exempt employees and wrongfully denied overtime wages under the FLSA. Defendants maintain that they properly compensated all employees, including Plaintiffs, according to the provisions of the FLSA. Moreover, there is a dispute regarding the number of hours Plaintiffs worked for Defendants, with Plaintiffs asserting that they worked significantly more hours than recognized by Defendants. Consequently, there is a *bona fide* dispute between the parties as to the amount of hours worked or compensation due.

### C. The Settlement Agreement is Fair and Reasonable

Based on the facts, allegations, and risks of continued litigation to the Parties, the Parties entered into the Settlement Agreement. In doing so, the Parties have engaged in good faith, arms-length settlement discussions, and all Parties were represented by experienced counsel to arrive at a reasonable compromise over issues asserted in the case. Indeed, the settlement amounts agreed to by the Parties are tailored to the Parties' respective assessments of Plaintiffs' claims; the risk

---

[2] Even though the law is clear in the Fifth Circuit, some employees involved in these cases were employed outside the Fifth Circuit, so this Motion is being filed out of an abundance of caution.

inherent in proceeding with the case; and the time period relevant to Plaintiffs' claims. The Settlement amount takes into account the number of overtime hours claimed by Plaintiffs, the amount of unpaid overtime to which Plaintiffs allege they are entitled, as well as the risk that Plaintiffs would not recover any of those sums, given Defendants' defenses. The Settlement includes an amount for Plaintiffs' counsels' reasonable attorneys' fees and costs. Accordingly, the proposed settlement agreement provides for a fair and reasonable resolution of this bona fide dispute.

**II.     CONCLUSION**

For all the foregoing reasons, Plaintiffs respectfully request that the Settlement Agreement (filed under seal as an Exhibit to the Unopposed Motion to Seal) be approved and that the Court dismiss with prejudice the above-captioned action in accordance with the terms of the settlement agreement.

Date: August 4, 2021                              Respectfully submitted,

                                                             **ANDERSON ALEXANDER, PLLC**

                              By:     */s/ Clif Alexander*
                                                            **Clif Alexander**
                                                            Texas Bar No. 24064805
                                                            clif@a2xlaw.com
                                                            **Lauren E. Braddy**
                                                            Texas Bar No. 24071993
                                                            lauren@a2xlaw.com
                                                            **Alan Clifton Gordon**
                                                            Texas Bar No. 00793838
                                                            cgordon@a2xlaw.com
                                                            **Carter T. Hastings**
                                                            Texas Bar No. 24101879
                                                            carter@a2xlaw.com
                                                            819 N. Upper Broadway
                                                            Corpus Christi, Texas 78401
                                                            Telephone: (361) 452-1279
                                                            Facsimile: (361) 452-1284

                                                            ***Attorneys for Plaintiff and the Opt-In Plaintiffs***

## CERTIFICATE OF CONFERENCE

I hereby certify that I have conferred with Defendants' counsel of record and they are unopposed to the filing of this Motion and the relief requested herein.

> /s/ *Clif Alexander*
> Clif Alexander

## CERTIFICATE OF SERVICE

I hereby certify that on August 4, 2021, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Western District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

> /s/ *Clif Alexander*
> Clif Alexander